UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61213-SMITH/VALLE

STEPHEN WATKINS,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Summary Judgment (ECF No. 21) and Defendant's Motion for Summary Judgment (ECF No. 26) (together, "the Motions"). U.S. District Judge Rodney Smith has referred the Motions to the undersigned for a Report and Recommendation. (ECF No. 2).

After due consideration of the record and the parties' briefs, including Defendant's Response (ECF No. 27), Plaintiff's Reply (ECF No. 28), and the hearing on the Motions,[2] and being otherwise fully advised on the matter, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be **GRANTED**, Defendant's Motion for Summary Judgment be **DENIED**, and the Administrative Law Judge's Decision ("ALJ's Decision") be **REVERSED AND REMANDED** for the reasons set forth below.

---

[1] Kilolo Kijakazi has been appointed Acting Commissioner of the Social Security Administration. Consequently, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

[2] The Court held a hearing on the Motions on November 2, 2022. (ECF No. 31). The transcript of the proceedings is incorporated by reference (ECF No. 32) (hereinafter "Hr'g Tr.").

## I.     PROCEDURAL HISTORY

In October 2018, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, alleging disability beginning on January 1, 2017. (R. 256).[3] Plaintiff's application was denied initially and again upon reconsideration. (R. 163-65, 170-75). Thereafter, Plaintiff requested a hearing, which was held on July 31, 2019 before ALJ Rossana L. D'Alessio. (R. 89-108). Plaintiff appeared with counsel and testified at the hearing. (R. 92-107). A supplemental hearing was held on February 24, 2020. (R. 31-63). Plaintiff again testified at the supplemental hearing. (R. 39-51). A Medical Examiner ("ME") and Vocational Expert ("VE") also testified at the supplemental hearing. (R. 51-61). On March 10, 2020, the ALJ issued a decision denying Plaintiff's applications and finding that Plaintiff was not disabled within the meaning of the Act. (R. 14, 25).

Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's Decision the Commissioner's "final decision." (R. 1-3); *see Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff now seeks judicial review of the ALJ's Decision. (ECF No. 1); *see also* 42 U.S.C. § 405(g). Both parties have moved for summary judgment, and the Motions are ripe for adjudication.

## II.     STANDARD OF REVIEW

Judicial review of the ALJ's Decision is limited to whether there is substantial evidence in the record as a whole to support the ALJ's finding and whether the ALJ applied the correct legal standards in making her determination. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (citations omitted); *see also*

---

[3] All references are to the record of the administrative proceeding, which was filed as part of Defendant's Answer. *See* (ECF Nos. 14, 15).

42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Biestek*, 139 S. Ct. at 1154 (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Carson*, 440 F. App'x at 864 (quoting *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a scintilla, but less than a preponderance").  A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).  Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Within this narrow role, however, courts do not act as automatons. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986), *abrogated on other grounds by Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892 (11th Cir. 2022).  Rather, they "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* (citation omitted).

To qualify for benefits, a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. § 1382 (standard for SSI).  A claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).  A "physical or mental impairment" is one that "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

To determine eligibility, the ALJ employs a five-step sequential evaluation:

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (the "Listings")?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 416.920(a)(4) (evaluation for SSI). An affirmative answer to any of the above questions leads either to the next question or, on Steps 3 and 5, to a finding of disability. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). A negative answer to any question, other than Step 3, leads to a determination of "not disabled." *Id.*

Importantly, the burden of proof rests on the claimant through Step 4. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 n.10 (11th Cir. 2004)*, abrogated on other grounds by Jones v. Soc. Sec. Admin., Comm'r*, No. 22-CV-10507, 2022 WL 3448090 (11th Cir. 2022). At Step 4, the ALJ must consider: (i) the claimant's residual functional capacity ("RFC"); and (ii) the claimant's ability to return to his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). The regulations define RFC as that which an individual is still able to do despite the limitations caused by his impairments. 20 C.F.R. § 416.945(a). The ALJ will "assess and make a finding about [the claimant's RFC] on all the relevant medical and other evidence" in the case. 20 C.F.R. § 416.920(e). The RFC assessment is used to determine whether the claimant can return to his past relevant work under Step 4, and if so, "the ALJ will conclude that the claimant is not disabled." *Phillips*, 357 F.3d at 1238 (citations omitted). If a claimant cannot return to his past relevant work, then the ALJ proceeds to Step 5. *Id.*

At Step 5, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant "can make an adjustment to other work." 20 C.F.R.

§ 416.920(a)(4)(v); *Phillips*, 357 F.3d at 1239.  The ALJ must determine if there is other work available in significant numbers in the national economy that the claimant can perform.  *Phillips*, 357 F.3d at 1239.  If the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled.  *Id.*  Conversely, if the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled.  *Id.*  The ALJ may determine whether the claimant is able to adjust to other work in the national economy by either: (1) applying the Medical Vocational Guidelines (contained within 20 C.F.R. Part 404, Subpart P, Appendix 2); or (2) using a VE, who can opine on whether someone with the claimant's limitations can obtain employment in the national economy.  *Id.* at 1239-40.

### III.   THE ALJ'S DECISION

On March 10, 2020, after reviewing the evidence and conducting the sequential analysis, the ALJ concluded that Plaintiff "has not been under a disability within the meaning of the [Act] since October 11, 2018, the date the application was filed."  (R. 14, 25).

At Step 1, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 11, 2018, the application date.  (R. 15).

At Step 2, the ALJ found that Plaintiff had the following severe impairments: depression; schizophrenia; generalized anxiety disorder; polysubstance abuse; and posttraumatic stress disorder.  *Id.*

At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any one of the Listings.  (R. 16).

At Step 4, the ALJ determined that Plaintiff has the RFC to perform a full range of work at all exertional levels, with certain nonexertional limitations.  (R. 17).  In particular, Plaintiff was limited to: (i)  simple routine and repetitive tasks; (ii) occasional contact with the public, co-

workers and supervisors; (iii) occasional requirement to adapt to changes; (iv) working with inanimate objects rather than people; (v) avoiding ladders, ropes, scaffolds, and hazards. *Id.* Additionally, the ALJ determined that Plaintiff had no past relevant work. (R. 24).

The ALJ proceeded to Step 5 of the sequential analysis. (R. 24-25). At Step 5 and based on the testimony of the VE, the ALJ concluded that Plaintiff could perform certain jobs in the national economy, such as cleaner, laundry worker, and landscape laborer. (R. 25). The ALJ thus concluded that Plaintiff was not disabled. *Id.*

## IV. DISCUSSION

### A. Overview

Plaintiff argues that the ALJ committed two reversible errors.[4] First, Plaintiff asserts that the ALJ's hypothetical to the VE was "incomplete" because it failed to include Plaintiff's limitation to occasional contact with supervisors (in addition to occasional contact with coworkers and the public). (ECF No. 21 at 4-7). According to Plaintiff, the VE's reliance on the ALJ's incomplete hypothetical cannot provide substantial evidence for the ALJ's finding at Step 5 that Plaintiff can perform certain jobs that exist in the national economy. *Id.* at 6-7. Second, Plaintiff challenges the ALJ's evaluation of the medical opinion of Dr. Sheryl Ferguson, who performed a consultative psychological evaluation of Plaintiff and completed a Medical Source Statement. *Id.* at 8-10. As discussed below, the undersigned finds that the ALJ's hypothetical to the VE improperly omitted Plaintiff's limitation to occasional contact with supervisors. Thus, because the

---

[4] In the Joint Status Report, Plaintiff withdrew his third argument regarding the constitutionality of the ALJ's appointment to preside over Plaintiff's case. (ECF No. 30); *see also* Hr'g Tr. 4:25-5:3. Accordingly, that issue is now moot and will not be addressed in this Report and Recommendation.

VE's opinion is based on an incomplete hypothetical, the ALJ's Decision is not supported by substantial evidence and should be reversed and remanded.[5]

### B. The ALJ's Incomplete Hypothetical to the VE Constitutes Reversible Error

At Step 5, the ALJ relied on the VE's testimony to find that Plaintiff could perform work in the national economy and was not disabled. (R. 24-25). A VE's testimony constitutes substantial evidence when it is based on a hypothetical question that includes all of a claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). But where an ALJ's hypothetical question fails to include or implicitly account for all of a claimant's impairments, the VE's testimony is not "substantial evidence" and cannot support the ALJ's conclusion that a claimant can perform jobs in the national economy. *Winschel*, 631 F.3d at 1181; *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (where hypothetical to VE referred only to physical impairments, it was improper for the court to assume that VE was aware of psychological impairments).

Here, in relevant part, the ALJ determined that Plaintiff had the RFC the perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: able to perform simple routine and repetitive tasks; limited to occasional contact with the public, co-workers *and supervisors* . . . .

(R. 24) (emphasis added). In the ALJ's Decision, the ALJ states that she "asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and [RFC]." (R. 24). A review of the transcript of the administrative

---

[5] Because the undersigned finds that the ALJ committed reversible error by posing an incomplete hypothetical to the VE, the Court need not address Plaintiff's second allegation of error regarding Dr. Ferguson. *See, e.g.*, Hr'g Tr. 6:19-20 (Plaintiff's position that the first issue on appeal is dispositive). On remand, however, the ALJ may reconsider her evaluation of Dr. Ferguson's opinion.

hearing, however, confirms that the ALJ's hypotheticals to the VE omitted Plaintiff's limitation to occasional contact with supervisors. *See* (R. 59-62). This omission—accidental as it may be— is reversible error for the reasons discussed below.

The parties agree that the exchange between the ALJ and the VE was choppy, at best, and that the ALJ did not include a limitation to occasional contact with supervisors. To be sure, the ME testified to all of Plaintiff's limitations, including occasional contact with the public, coworkers and supervisors. (R. 52). Thereafter, instead of posing a hypothetical to the VE, the ALJ simply asked the VE if he had heard the limitations previously posed by the ME during the hearing.[6] (R. 59). In response, the VE acknowledged that Plaintiff had moderate limitations in

---

[6] Indeed, although the ALJ discussed Plaintiff's other limitations, she twice omitted Plaintiff's limitation to occasional contact with supervisors. Fist, the ALJ's questioning of the ME went as follows:

ALJ: So you said that the limitations would be simple, routine, repetitive tasks[,] with occasional interaction with coworkers and the public, and then he would have occasional inability to adapt to changes, is that what you said?

ME: Occasional requirements to --

ALJ: Oh requirements.

ME: -- adapt to changes.

ALJ: Okay. Requirement to adapt to changes.

ME: Right. And then he would also be better at things rather than with people.

ALJ: Oh, okay. And – okay, working with – so working with inanimate objects would you say?

ME: Yes.

(R. 53).

interacting with the public and coworkers, but the ALJ and VE interrupted one another, both skipping Plaintiff's limitation to occasional contact with supervisors. *Id.* The ALJ then continued reciting Plaintiff's other nonexertional limitations. *Id.* Unfortunately, neither the ALJ nor the VE articulated the limitation to occasional contact with supervisors. It is in this context that the VE concluded that Plaintiff could perform jobs in the national economy, such as cleaner, laundry worker, and landscape laborer. (R. 60). Although the ALJ then posed two additional variations of the hypothetical, none included Plaintiff's limitation to occasional contact with supervisors. (R. 61-62).

At the hearing before the undersigned, the Commissioner conceded that a hypothetical with an explicit limitation to occasional contact with supervisors would have been preferable, but nonetheless insisted that this limitation was incorporated by reference and that a finding error

---

Later, in addressing the VE, the ALJ similarly omitted Plaintiff's limitation to occasional contact with supervisors:

ALJ:  [D]id you hear the limitations that [the ME] has given us?

VE:  Basically, he said he could do unskilled work and he has moderate limitations, and like work behaviors and such.

ALJ:  Yeah.

VE:  And interaction with the public and that, coworkers, and --

ALJ:  Yeah. Occasionally --

VE:  Right.

ALJ:  -- requirement to adapt to changes and then [t]o simple, routine, repetitive tasks and working with inanimate objects rather than people. So --

VE:  That's correct.

(R. 59).

9

would place "form over function." Hr'g Tr. 18:6-11, 18:22-19:5. Although this argument has facial appeal, it proves unpersuasive for several reasons. First, according to SSR 85-15, "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) . . . to respond appropriately to supervision." SSR 85-15, at *4, 1985 WL 56857 (1985). Further "an individual who cannot tolerate being supervised may be not able to work even in the absence of close supervision." SSR 85-15, at *6. Here, the ALJ's hypothetical to the VE failed to expressly include a limitation to occasional contact with supervisors, and the undersigned will not assume that the VE was cognizant of that limitation when he opined that Plaintiff could perform certain jobs in the national economy. *Pendley*, 767 F.2d at 1563 (noting that court cannot assume that the VE was aware of psychological impairments when question referred only to physical impairments). This conclusion is further supported where at least one court in this Circuit has found that restrictions involving supervisors are significant and several courts have found reversible error where an ALJ's RFC determination failed to include an appropriate restriction regarding supervisors. *See Lecroix v. Comm'r of Soc. Sec. Admin.*, No. 19-CV-1312-J-MCR, 2020 WL 6779181, at *4 (M.D. Fla. Nov. 18, 2020) (reversing ALJ's decision that failed to include limitation to non-confrontational supervision); *see also Joya v. Saul*, No. 19-CV-1378-T-TGW, 2020 WL 4218803, at *5 (M.D. Fla. July 22, 2020) (reversing decision where ALJ did not explain failure to include limitation regarding supervisors in RFC); *Lloyd v. Astrue*, No. 11-CV-2257-T-33TGW, 2012 WL 4865401, at *4 (M.D. Fla. Sept. 20, 2012), *report and recommendation adopted*, 2012 WL 4855286 (M.D. Fla. Oct. 11, 2012) (reversing decision where ALJ failed to include limitation on contact with supervisors and coworkers, noting that limited ability to deal with supervisors and coworkers is different from limitation on contact with the public). Therefore,

the ALJ's failure to include a limitation to occasional contact with supervisors in the VE's hypothetical was error.

Moreover, given the muddled colloquies between the ALJ and the VE, the undersigned cannot find that the ALJ's hypothetical to the VE implicitly accounted for Plaintiff's limitation to occasional contact with supervisors. Although the VE was present during the ME's testimony, the ALJ twice omitted reference to Plaintiff's limitation to occasional contact with supervisors. (R. 53, 59). As discussed above, the exchange between the ALJ and the VE was truncated and disjointed as they interrupted one another in listing Plaintiff's limitations. *See* (R. 59-60). The record, therefore, does not contain a full and clear hypothetical to the VE that included all of Plaintiff's limitations. *Cf. Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012) (concluding that ALJ's failure to include a driving limitation in hypothetical to VE was harmless where the job's functional requirements did not involve driving); *see also Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 625 (11th Cir. 2012) (concluding that hypothetical to VE adequately accounted for claimant's limitations even if it did not expressly include a walking limitation where the sit/stand option limited available jobs to those permitting constant access to a chair); *Turner v. Astrue*, No. 11-CV-0177-M, 2011 WL 5827324, at *7 (S.D. Ala. Nov. 18, 2011) (although ALJ erred in not posing a complete hypothetical to the VE by omitting limitations on pulmonary irritants, the ALJ cured any error by ensuring that ultimate conclusion—that plaintiff was capable of performing specified jobs—was supported by the evidence).

Because the ALJ's hypothetical failed to include or otherwise implicitly account for all of Plaintiff's impairments (i.e., a limitation to occasional contact with supervisors), the VE's testimony is not substantial evidence and cannot support the ALJ's conclusion that Plaintiff could

11

perform certain jobs in the national economy. *Winschel*, 631 F.3d at 1181. Accordingly, the ALJ's Decision should be reversed and remanded.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 21) be **GRANTED**, that Defendant's Motion for Summary Judgment (ECF No. 26) be **DENIED**, and that the ALJ's Decision be **REVERSED AND REMANDED** for the reasons set forth above.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida on November 23, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record