UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-61213-SMITH/VALLE

STEPHEN WATKINS,

    Plaintiff,

    v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

    Defendant.
_____/

# REPORT AND RECOMMENDATION ON
## PLAINTIFF'S UNOPPOSED MOTION AND PETITION FOR ATTORNEY'S FEES

THIS MATTER is before the Court on Plaintiff Stephen Watkins's Unopposed Motion and Petition for Attorney's Fees Under the Equal Access to Justice Act (the "EAJA"), pursuant to 28 U.S.C. § 2412(d) (the "Motion") (ECF No. 35), which has been referred to the undersigned for a Report and Recommendation. *See* (ECF No. 2).

On December 9, 2022, the District Court adopted the undersigned's Report and Recommendation, granted Plaintiff's Motion for Summary Judgment, and remanded the case to the Commissioner for further administrative proceedings. *See* (ECF Nos. 33, 34). Plaintiff now seeks an award of his attorney's fees under the EAJA, and Defendant does not oppose the Motion. *See generally* (ECF No. 35).

Under the EAJA, a court generally must award reasonable attorney's fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). Here,

---

[1] Kilolo Kijakazi has been appointed as Acting Commissioner of Social Security. Consequently, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

1

Plaintiff asserts (and Defendant does not dispute) that he is the prevailing party, and generally argues that Defendant's position was not substantially justified and that no special circumstances exist that would render a fee award unjust. *See* (ECF No. 35 at 2-5). The only remaining issue, therefore, is whether Plaintiff's requested attorney's fees and costs are reasonable.

## I.     ATTORNEY'S FEES

Plaintiff seeks an award of $7,167.94 in attorney's fees. (ECF No. 35 at 1, 3, 6). The attorney's fees result from 32.95 hours of work performed by attorney David B. Goetz in 2022 at a rate of $217.54.[2] *See* (ECF No. 25 at 1, 2-3, 6-7). Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asserts (and Defendant does not dispute) that the attorney's fee rate of $217.54 per hour in 2022 is supported by the increased cost of living and are consistent with other attorneys petitioning for EAJA fees within the Circuit. *See* (ECF No. 35 at 1 n.1, 5); *see also Bragg v. Commissioner*, No. 8:20-CV-671-SPF, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021) (approving EAJA hourly rate at $207.28 for work performed in 2020 and hourly rate at $212.05 for work performed in 2021).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, *see* (ECF No. 35 at 2-3, 5-6), the undersigned finds that Plaintiff's request for attorney's fees is reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Carter*

---

[2] Attorney Goetz has been a member of the Florida bar for more than 29 years, specializing in Social Security disability law since 1993. (ECF No. 35 at 5). Attorney Goetz has substantial experience practicing at the administrative and federal district court levels. *Id.* at 5-6.

*v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

## II.     RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion (ECF No. 35) be **GRANTED**. Plaintiff should be awarded a total of **$7,167.94** in attorney's fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on January 3, 2023.

                                                                                                        _____
                                                                                                        ALICIA O. VALLE
                                                                                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Rodney Smith
Counsel of Record